UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAL SCHONFIELD, On Behalf of Himself and All Others Similarly Situated,<br>    Plaintiff(s),<br><br> v.<br><br>DENDREON CORPORATION, et al.,<br>    Defendant(s).<br>_____ | NO. C07-800MJP<br><br>ORDER ON MOTIONS TO:<br>(1) CONSOLIDATE<br>(2) DESIGNATE LEAD PLAINTIFF AND LEAD COUNSEL |
| KENNETH McGUIRE, LESLIE FREDERICK, et al., On Behalf of Themselves and All Others Similarly Situated,<br>    Plaintiff(s),<br><br> v.<br><br>DENDREON CORPORATION, et al.,<br>    Defendant(s).<br>_____ | NO. C07-869MJP |
| HAILAN HU, Individually and On Behalf of Himself and All Others Similarly Situated,<br>    Plaintiff(s),<br><br> v.<br><br>DENDREON CORPORATION, et al.,<br>    Defendant(s)<br>_____ | NO. C07-870MJP |
| JOHN McDEVITT, Individually and On Behalf of Himself and All Others Similarly Situated,<br>    Plaintiff(s),<br><br> v.<br><br>DENDREON CORPORATION, et al.,<br>    Defendant(s). | NO. C07-898MJP |

**ORD ON MTNS - 1**

The Court has received motions to consolidate and to appoint a lead plaintiff from the following individuals and groups:

1. The George Group
2. The Kahsay Group
3. Thomas Levett
4. The McGuire Group
5. The Mountanos Group
6. The Valandani Group

The Court has reviewed the moving papers, the responsive briefs, and all exhibits and declarations attached thereto, and makes the following ruling:

IT IS ORDERED that the above-entitled actions will be consolidated into a single action under Case No. C07-800MJP, entitled <u>Kenneth McGuire, et al., On Behalf of Himself and All Others Similarly Situated v. Dendreon Corporation, Mitchell Gold, David Urdal, Richard Hamm, Jr., Gregory Shiffman, Bogdan Dziurzynski and Ruth Kunath</u>.

IT IS FURTHER ORDERED that Kenneth McGuire is appointed individually as the lead plaintiff and Marc M. Seltzer and Susman Godfrey, L.L.P. are appointed lead counsel in this matter.

**Discussion**

This matter comes before the Court as a series of securities class action lawsuits filed against the Dendreon Corporation (a Delaware biotechnology corporation with its principal executive offices in Seattle, Washington) and a variety of its corporate officers and directors. All four actions allege violations of sections 10(b) and 20(a) of the Exchange Act and Rule 10(b)(5) promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC"), across a similar period of time (March 29, 2007 to May 8, 2007 in three of the lawsuits; March 1, 2007 to May 8, 2007 in the fourth). The lawsuits all allege that Defendants made misleading and fraudulent statements and omissions

**ORD ON MTNS - 2**

concerning the development of a prostrate cancer drug called Provenge, and that as a result of that course of conduct, Plaintiffs were damaged by a decrease in the value of their securities.

Consolidation

All moving parties as well as the defendant corporation are in agreement that consolidation is appropriate under FRCP 42(a), which provides that:

> When actions involving a common question of law or fact are pending before the court, it may order. . . all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FRCP 42(a).

There are some minor differences among the operative facts alleged in the separate lawsuits, but all the actions have overlapping class periods, allege the same insider sales, and allege the identical date (May 8, 2007) as the date on which the alleged fraud was uncovered.  Consolidation would provide the benefit of cost-savings and uniformity of decision-making, while at the same time avoiding the possible pitfall of *res judicata* application of earlier decision to later-decided claims.  For reasons of judicial economy, in light of overlapping factual and legal issues and to avoid the risk of duplicative recoveries, the Court will order all the above-entitled matters to be consolidated in a single action.

Under the Private Securities Litigation Reform Act ("PSLRA"), Securities Exchange Act § 21 (codified at 15 U.S.C. § 78a *et seq*), this order of consolidation is a prerequisite to the designation of a lead plaintiff and lead counsel:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under § 21D(a)(3)B)(i)] until after the decision on the motion to consolidate has been rendered.

15 U.S.C. § 78U-4(a)(3)(b)(ii).  "As soon as practicable" after the consolidation decision has been reached, the Court is encouraged to resolve the lead plaintiff issue.  Id.   That analysis will be undertaken below.

**ORD ON MTNS - 3**

Lead plaintiff/lead counsel

The PSLRA requires the Court to "appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of the class members[.]" 15 U.S.C. § 78U-4(a)(3)(b)(i). The language of the statute implies that groups as well as individuals can act as lead plaintiff. "The McGuire Group" is comprised of Plaintiffs Kenneth McGuire, David Harris, Leslie Frederick and David Wilczynski. The members of Plaintiff McGuire's group applied for lead plaintiff status "jointly and severally" (McGuire Motion, p. 2); i.e., each individual member of the group moved for appointment as lead plaintiff individually in the alternative. Id., fn. 1.   For reasons stated below, the Court declines to appoint the entire group as lead plaintiff.

In this arena of litigation, courts have long been wary of artificially-constructed "plaintiff groups" which assemble for no purpose other than qualifying as lead plaintiff. To that end, other courts have held that proposed groups with no pre-litigation connection should submit a declaration providing information about the group's members, its structure and its intended functioning:

> Such information should include descriptions of its members, including any pre-existing relationships among them; an explanation of how it was formed and how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation. If the proposed group fails to explain and justify its composition and structure to the court's satisfaction, its motion should be denied or modified as the court sees fit.

In re Networks Assocs., Inc., Sec. Litig., 76 F.Supp.2d 1017, 1026 (N.D. Cal. 1999). While this approach has not been universally adopted (see In re Versata, Inc., Sec. Litig., 2001 WL 34012374 (N.D. Cal.)), this Court finds it useful when confronted with a plethora of groups, none of which (with the exception of a father and son in the Mountanos Group) seem to have any pre-existing relationship. Therefore, while Plaintiff McGuire is found qualified as lead plaintiff, the McGuire Group (which filed no accompanying declarations explaining how they were formed or would function collectively) is not.

**ORD ON MTNS - 4**

"[C]ourts in [the Ninth] Circuit routinely break apart a proposed group in search of the most adequate plaintiff." In re Surebeam Corp., 2004 WL 5159061, *7 (S.D. Cal.) (*citations omitted*). The PSLRA provides the guidelines which create a rebuttable presumption of qualification for that position; the statute describes as "most qualified" the plaintiff who has:

1. Brought the motion for appointment of lead counsel in response to the publication of notice;
2. "[T]he largest financial interest in the relief sought by the class; and
3. Otherwise satisfies the requirements of FRCP 23.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

There is a three-step inquiry in the Ninth Circuit for the determination of lead plaintiff status. As described in In re Cavanaugh (306 F.3d 726, 729 (9th Cir. 2002)), the district court must determine:

1. <u>Whether the procedural requirements of the PSLRA have been met</u>

A plaintiff meets the procedural requirements of the PSLRA if the first-filed plaintiff has filed an appropriate notice to the class within 20 days of the filing of the action and the prospective lead plaintiff has moved for lead plaintiff status within 60 days of such notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). In this matter, counsel in the first-filed action caused the first notice to be published on May 25, 2007. McGuire Mtn, Decl. of Seltzer, Ex. C. Counsel for McGuire filed a separate complaint on June 6, 2007 and filed a motion requesting lead plaintiff/lead counsel status prior to the expiration of the 60-day period from the publication of the notice of the first-filed action. Additionally, Plaintiff McGuire has filed the required sworn certification detailing "all of the transactions of the plaintiff that is the security that is the subject of the complaint during the class period specified in the complaint." Id., Ex. A; 15 U.S.C. § 78u-4(a)(2)(A)(iv). Plaintiff McGuire has met the procedural requirements of the PSLRA.

**ORD ON MTNS - 5**

2. <u>Which plaintiff has the largest financial interest in the action and whether that plaintiff meets the requirements of FRCP 23</u>

Although the PSLRA does not specify the criteria for calculating which party has the largest financial interest, the factors which courts have generally considered are: the number of shares purchased during the class period, the number of net shares purchased during the class period, the total net funds expended during the class period and the estimated losses suffered during the class period. <u>In re Surebeam</u>, 2004 WL 5159061 (S.D. Cal.); <u>see also</u> <u>In re Olsten Corp. Sec. Litig.</u>, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1988); <u>In re Enron Corp. Sec. Litig.</u>, 306 F.R.D. 427, 440 (S.D.Tex. 2002).

Plaintiff McGuire has presented evidence establishing that he has purchased the largest amount of shares (650,00), the largest amount of net shares (575,350), expended the largest amount of funds ($9,339,592.03) and suffered the largest estimated loss ($5,766,714.25 FIFO; $5,151,044.03 LIFO) during the class period. McGuire Mtn., p. 10; Decl. of Seltzer, Ex. B. The Court finds that Plaintiff McGuire has the largest financial interest in the litigation.

Additionally, the PSLRA provides that the proposed lead plaintiff must satisfy the requirements of FRCP 23. <u>In re Cavanaugh</u> holds that this inquiry shall focus solely on the "typicality" and "adequacy" aspects of that rule (as the other elements of Rule 23 go to the issue of the certification of the class as a whole.) 306. F.3d at 730, n. 5 and 732.

"Typicality" in the class action context is measured by whether the applicant's claims arise from the same event or course of conduct which gave rise to the claims of the class members, and are founded on the same legal theory. Plaintiff McGuire:

**ORD ON MTNS - 6**

   1. Purchased his Dendreon securities during the class period,

   2. Paid stock prices which he alleges to have been artificially inflated by either misleading statements of Defendants or by Defendants' failure to make material disclosures, and

   3. Alleges that he was damaged thereby.

His alleged injuries stem from the same course of conduct complained of by the other plaintiffs and his causes of action are founded on similar legal theories (the fact that Plaintiff McGuire alleges an additional ground for liability – failure to disclose an FDA inspection of manufacturing facilities and resulting warning to Defendants (McGuire Complaint, ¶ 81 – does not alter the typicality of the remainder of his claims).  The Court finds that the FRCP 23(a)(3) typicality requirements have been met.

In order to satisfy the FRCP 23 conditions of "adequacy," it must be demonstrated that: (1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978).  The Court finds that Plaintiff McGuire's interests in prosecuting this litigation are identical to those of the remainder of the class; namely, recovering for Defendants' allegedly fraudulent and misleading statements and omissions concerning the status of the development and manufacture of Provenge.  As discussed below, Plaintiff McGuire's counsel – Marc M. Seltzer and Susman Godfrey, L.L.P. – are found to be experienced and qualified in prosecuting securities class action litigation.  The Court finds that the "adequacy" requirements of FRCP 23 have been met by Plaintiff McGuire.

**ORD ON MTNS - 7**

3. <u>Whether other candidates can rebut the presumption that the putative lead plaintiff can adequately represent the class</u>

The only serious challenge to Plaintiff McGuire's qualifications is presented by the Mountanos Group, which questions this proposed lead plaintiff's typicality and adequacy based on series of facts which are alleged to render Plaintiff McGuire vulnerable to a defense of insider trading (and thus subject to unique defenses to which the remainder of the class is immune). The facts concern Plaintiff McGuire's background in biotechnology investment and his connections to other biotech companies and individuals who have served on the boards of Dendreon and other unrelated biotechnology enterprises. Mountanos Group Opp., pp. 6-8.

These facts are intended to create an inference of conflict of interest and insider trading on Plaintiff McGuire's part; i.e., because he has been both an investor in and former director of other (unrelated) biotech companies, he might possibly have invested in Dendreon based on material non-public information. What is absent from the Mountanos allegations, however, is any evidentiary basis for concluding that Plaintiff McGuire actually <u>did</u> rely on insider information in acquiring the securities at issue in this litigation. The fact that he has professional and investment experience in the biotechnology industry is insufficient to raise serious questions about Plaintiff McGuire's typicality or adequacy. See <u>Beale v. EdgeMark Financial Corp.</u>, 164 F.R.D. 649, 656 (N.D.Ill. 1995). ("Speculation regarding access to non-public information, in the absence of any allegations or evidence of such information, does not impact on the issue of reliance.") Additionally, Plaintiff McGuire has filed an extensive declaration rebutting the inferences suggested by the Mountanos Group's aggregation of facts. McGuire Group Reply, Decl. of McGuire.

The Court is satisfied that Plaintiff McGuire meets all the conditions for "most adequate plaintiff" in this consolidated class action lawsuit.

**ORD ON MTNS - 8**

<u>Lead counsel</u>

The PSLRA recognizes the authority of the lead plaintiff to select and retain lead counsel, subject to the approval of the court. 15 U.S.C. § 78u-4(a)(3)(B)(v). By statute, that approval should not be withhold unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). A court should approve the lead plaintiff's choice of lead counsel "based solely on that counsel's competence, experience and resources..." <u>In re MicroStrategy Inc. Sec. Litig.</u>, 110 F.Upp.2d 427, 438 (E.D.Va. 2000).

Plaintiff McGuire has selected and retained Marc M. Seltzer and the law firm of Susman Godfrey, L.L.P. The Court is satisfied, based on the materials submitted, that proposed lead counsel possess the requisite experience in the area of securities litigation and the resources to adequately discharge their responsibilities in this role. <u>See</u> Resumes of Susman Godfrey L.L.P. and Marc M. Seltzer, Decl. of Seltzer, Exs. D and E. Furthermore, no challenges have been made to Plaintiff McGuire's selection of lead counsel and therefore the Court finds no reason to disturb the choice of these counsel to serve in that capacity.

**Conclusion**

The four above-titled securities class action lawsuits will be consolidated as a single action, henceforth known as <u>Kenneth McGuire, et al., v. Dendreon Corporation, et al.</u>, Case No. C07-800MJP. The Court is not satisfied that the McGuire Group has met the requirements to qualify as a lead plaintiff group in this action, but finds that Plaintiff Kenneth McGuire individually meets the qualifications for lead plaintiff as set out in the PSLRA, and so appoints Plaintiff McGuire as the lead plaintiff. The Court further approves the lead plaintiff's selection of Marc M. Seltzer and Susman Godfrey, L.L.P. as lead counsel in this matter.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: October 4, 2007

*/s/ Marsha J. Pechman*

Marsha J. Pechman
U.S. District Judge

**ORD ON MTNS - 10**